RYAN K. BAKHTIARI (Bar No. 199147)
e-mail: rbakhtiari@aol.com
**AIDIKOFF, UHL & BAKHTIARI**
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212
Telephone: (310) 274-0666
Facsimile: (310) 859-0513

Attorneys for Plaintiff
Robert J. Coffey

PETER H. MASON (Bar No. 71839)
e-mail: pmason@fulbright.com
ERIC A. HERZOG (Bar No. 229066)
e-mail: eherzog@fulbright.com
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

Attorneys for Defendants
Merrill Lynch, Pierce, Fenner & Smith
Incorporated and Merrill Lynch & Co., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. COFFEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, and MERRILL LYNCH & CO., INC., and DOES 1-10,<br><br>Defendants. | Case No. CV11-05860-JFW (JCx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[CHANGES MADE BY COURT] |

# PROTECTIVE ORDER

Upon the stipulation of the parties for entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent disclosure of confidential information, the Court enters the following order:

**1.    Statement of Good Cause**.    Federal Rule of Civil Procedure 26(c)(1)(G) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential research, development, or commercial information is a proper basis for the issuance of a protective order.  The parties have conferred and stipulate to the following:

This case involves a dispute between plaintiff Robert J. Coffey, on behalf of himself and all others similarly situated, on the one hand, and defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated and Merrill Lynch & Co., Inc. ("Defendants"), on the other (collectively, the "Parties" or "parties").  It is anticipated that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information relating to the Defendants' business activities, and of confidential financial or other sensitive information of customers of the Defendants.  Public disclosure of this type of information would likely cause significant harm to the affected party's competitive position in the marketplace, or to the security of customers' confidential financial or other sensitive information.  As such, there is good cause for entering a protective order.

Accordingly, the Parties hereby stipulate and petition the Court to enter the following Stipulated Protective Order (the "Protective Order").  The Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to confidential treatment.  The Parties further acknowledge, as set forth in Paragraph 10 of the Protective Order, that this Protective Order does not create an

entitlement to file confidential information under seal; Local Civil Rule 79-5 and Paragraph 9 of the Court's Standing Order (Docket No. 3) set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.     Nondisclosure of Protected Information.**  Documents, tangible items, discovery responses, deposition testimony, or other material or media containing confidential information disclosed or produced by any party in this litigation are referred to as "Protected Information."  Except as otherwise indicated below, all documents, tangible items, discovery responses, deposition testimony or other information designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for other parties to this litigation are Protected Information and are entitled to confidential treatment as described below.

**3.     Marking of Protected Information.**

Any designation of Protected Information made in accordance with this Protective Order also shall apply to all documents that reproduce, paraphrase, summarize or otherwise contain information from the documents, materials, testimony, and information so designated. Documents, materials, testimony, and information shall be designated as follows:

(a)     <u>Hard Copy and/or Imaged Documents</u>.  Documents containing Protected Information may be designated by any party as "confidential" by marking each page of the document so designated with a stamp stating "CONFIDENTIAL."

(b)     <u>Electronic Documents Produced In Native Form</u>.  To avoid altering documents produced in native form, the producing party shall stamp or label the front of any CD, DVD, or other electronic media containing any group of produced documents with the term "CONFIDENTIAL."

(c)     <u>Non-written materials</u>.  For materials produced in non-written form, the party making the designation shall notify all parties in writing of the designation being made and describe in detail the specific materials that are being designated.

1  In the case of non-written media, such as videotapes, DVDs, hard drives, or
2  computer diskettes, the producing party shall prominently stamp or label the media
3  produced with the term "CONFIDENTIAL."

4  **4.   Published Documents**.  Protected Information shall not include
5  materials that on their face show they have been published to the public.

6  **5.   Declassification**.  A party will designate information as "confidential"
7  only if it believes in good faith that it contains Confidential Information.  If a party
8  believes that material has been improperly designated as Protected Information
9  subject to this Protective Order, that party's counsel ("Challenging Party") shall so
10 notify, in writing, counsel for the party or other person or entity producing the
11 Protected Information ("Responding Entity").  The Challenging Party and
12 Responding Entity shall then meet and confer in good faith concerning such
13 disputed designation within seven (7) days of receipt of the notice.  If the dispute is
14 not resolved by mutual agreement, the Challenging Party may move the Court to
15 remove the confidential designation of the documents or materials produced.
16 Information designated as Protected Information shall remain subject to the terms
17 of this Protective Order pending the Court's determination of any motion for
18 removal such protection.  On any such motion the Responding Entity will bear the
19 burden of proof that the Confidential designation in question should not be
20 removed.  Aside from the requirement of a 7-day as opposed to a 10-day response
21 deadline to the Challenging Party's notice of the assertedly improper designation,
22 the parties shall otherwise comply with Local Rules 37-1 through 37-4 in seeking a
23 ruling from the Court on any such dispute.

24 **6.   Additional Orders**.  This Order shall not abrogate any party or other
25 entity's right to refuse to produce Protected Information, or to redact certain
26 portions thereof, upon proper grounds, including without limitation, on the basis of
27 any applicable privilege or statute.  Furthermore, any party may also seek further
28 protective orders as they may deem appropriate to safeguard Protected Information.

**7.     Use of Protected Information**.  Protected Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided in Paragraph 8 below.  Protected Information shall be used solely for the purpose of preparation and trial of this litigation, and for no other purpose.  This prohibition does not prevent a party or entity from using or disclosing information obtained independently of a Responding Entity and does not prevent any party from disclosing any of its own Protected Information to its counsel of record, employees of such counsel, to its experts, consultants and investigators or to the Qualified Persons designated below.

**8.     Permissible Disclosure of Protected Information**.  All Protected Information shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person or entity, except as provided in this Protective Order.  Access to and/or disclosure of information designated as "CONFIDENTIAL" shall be limited to the following individuals ("Qualified Persons"):

(a)     The parties (or, when the party is not a natural person, their employees or representatives) and counsel of record in this action for the party or parties receiving the Protected Information;

(b)     Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

(c)     Witnesses, including expert witnesses (and their staff), and consultants or investigators, who have agreed in writing (in the form attached as Exhibit A) to be bound by this Order, and their counsel, if any, provided such counsel also has agreed in writing (in the form attached as Exhibit A) to be bound by this Order.  Those individuals' written agreements shall be retained by counsel for the non-producing party and furnished to counsel for the producing party when the witness is disclosed in the litigation;

(d)     Court reporter(s) employed in this action; and

(e)     The Court, including its employees and the jury.

No provision in this section shall be construed as limiting the subpoena power of another court in a separate action. If a Party receives a subpoena requesting documents or information received under this Protective Order from a producing party (other than a subpoena from a regulatory or self-regulatory organization), the party shall promptly notify the producing party so that the producing party may have an opportunity to seek a protective order. Nothing in this Order shall prohibit any party from responding to any inquiry by any self-regulatory organization or regulatory or governmental agency.

9. **Copies**. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing. No person shall make copies, extracts or summaries of Protected Information, except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the litigation of this action. Counsel and other persons to whom the Protected Information are disclosed pursuant to Paragraph 8 of this Order shall take all reasonable and appropriate precautions to avoid loss or inadvertent disclosure of such Protected Information.

10. **Requirements to File Under Seal; Filing with the Court**. If a party wishes to file with the Court a pleading, motion, memorandum, brief, deposition transcript, discovery request or response, exhibit, or other document that references, paraphrases, summarizes, or otherwise contains any Protected Information, the party filing the materials shall comply fully with all applicable local rules relating to filings under seal including, without limitation, Local Civil Rule 79-5.1, and with Paragraph 9 of the Court's Standing Order (Docket No. 3) which, among other things, limits the number of documents that may be submitted for filing under seal, details the type of showing which must be made and the procedures which must be followed in seeking to file documents under seal, imposes advance notice and meet and confer obligations upon the parties and imposes requirements regarding

courtesy copies of documents authorized to be filed under seal. In accordance with the Standing Order, in the event the Court grants an application to file documents under seal, a redacted version for public viewing, omitting only such portions as the Court has ordered filed under seal shall be promptly filed by the parties after the Court's Order sealing the documents.

**11. Depositions**. To the extent that Protected Information is used at depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the testimony referring to the Protected Information. Testimony is Protected Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of such designation at the deposition, or by written designation to all parties and the court reporter within fourteen (14) days after receiving the transcript of such deposition or hearing of the specific pages and lines of the transcript (or numbered exhibits) that should be treated as Protected Information thereafter. If the designation is made in writing after the deposition or hearing, each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in his, her or its possession, custody or control.

To the extent possible, the court reporter shall identify in the transcript the designation of Protected Information.

Disclosure of Protected Information to a witness during a deposition shall not constitute waiver of the designation of such information as Confidential for all other purposes provided herein. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

DOCUMENT PREPARED ON RECYCLED PAPER

**12.** **Transcripts**.  Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

**13.** **Use of Protected Information at Hearing or Trial**.  If a party wishes to use or introduce Protected Information at a hearing or trial, that party shall give seven (7) days' notice to the producing party, so that the producing party has a reasonable opportunity to seek further orders from the Court concerning the admissibility, confidentiality, or use of such information at the trial or hearing.

**14.** **Inadvertent Production**.  The inadvertent failure to designate Protected Information properly (or at all) in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of a party's right to thereafter designate such information as confidential within thirty (30) days after such disclosure.

Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product doctrine or any other applicable privilege or protection from disclosure shall not constitute a waiver of, nor prejudice to, any claim that such or related material is privileged or protected by the work product doctrine or any other applicable privilege or protection from disclosure, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.  Such inadvertent produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned, provided, however, that receiving

party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production.

**15.** **Prohibition Against Dissemination**.  The party or parties receiving Protected Information shall not under any circumstances share, sell, offer for sale, provide for free or otherwise disseminate, advertise, or publicize Protected Information.  This prohibition does not prevent a party from using or disclosing documents or information obtained independently of a responding party.

**16.** **Disposition of Protected Information**.  After termination of this litigation, including the exhaustion of appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record through no violation of this Order or fault of any party or entity other than the producing party.  Within 90 days after the final conclusion of this Action by settlement, judgment without appeal, or issuance of a mandate by an appellate court, counsel of record for each party shall, upon request, return to the applicable designating party or non-party, or certify to them in writing that it has destroyed, all Protected Information designated by such party or non-party during the course of this Action, including all copies of discovery and all excerpts or summaries thereof or any other materials derived therefrom or referring thereto, except that each counsel of record may maintain a single copy of all pleadings containing such information and except for any documents properly classified as work product.

**17.** **Binding Effect**.  Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.  This Order shall be binding upon persons executing Exhibit A hereto, the parties, and their respective attorneys, successors, representatives, administrators, heirs, assigns,

DOCUMENT PREPARED ON RECYCLED PAPER

1 | subsidiaries, divisions, employees, agents, independent contractors, or other rsons
2 | or organizations over which they have control.

3     **18.**   **Application for Modification**. Nothing in this Order shall preclude
4 | any party from applying to the Court for a modification of the Order.

5     IT IS SO STIPULATED.

Dated: October 11, 2011            RYAN K. BAKHTIARI
**AIDIKOFF, UHL & BAKHTIARI**

_____/s/_____
Ryan K. Bakhtiari
Attorneys for Plaintiff
Robert J. Coffey

DATED: October 12, 2011          PETER H. MASON
ERIC A. HERZOG
**FULBRIGHT & JAWORSKI L.L.P.**

_____/s/_____
Peter H. Mason
Attorneys for Defendants
Merrill Lynch, Pierce, Fenner & Smith
Incorporated and Merrill Lynch & Co., Inc.

**IT IS SO ORDERED.**

DATED: November 1, 2011               /s/
JACQUELINE CHOOLJIAN
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. COFFEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, and MERRILL LYNCH & CO., INC., and DOES 1-10,<br><br>    Defendants. | Case No. CV11-05860-JFW (JCx)<br><br>**DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

 I, _____, acknowledge and declare as follows:

 1. My address is: _____.

 2. I have received a copy of the Protective Order in this Action; I have carefully read and understand the provisions of the Protective Order; and I agree to comply with, and to be bound by, its terms.

 3. I will hold in confidence, not disclose to anyone not qualified under the Protective Order, and will use only for purpose of this Action, materials that are disclosed to me and marked or designated as "Confidential" or as Protected Information as defined in the Protective Order.

 4. I will immediately return all materials marked or designated as Confidential Information that may come into my possession, and documents or

things which I may prepare relating thereto to counsel for the party producing such materials upon receipt of a request to do so at the conclusion of the Action.

5. I hereby irrevocably consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of any proceeding to enforce or secure compliance with the terms of this Protective Order, or to punish the breach of any of the terms of this Protective Order. I understand that I may be found in contempt of court if I violate this Agreement.

6. I understand and agree that my obligations under this Certification and Agreement and the Protective Order will survive and continue beyond the termination of the Action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
Signature

_____
Printed Name